IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE TORRES,

        Plaintiff,

v.                                                                                                    No. 17cv347 JAP/WPL

HUDSPETH,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND DISMISSING COMPLAINT**

In this MEMORANDUM OPINION AND ORDER the Court rules on *pro se* Plaintiff's amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, (Amended Complaint), Doc. 5, filed March 22, 2017, on his original Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 17, 2017 ("original Application"), and on his second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed March 22, 2017 ("Second Application"). The Court will **GRANT** Plaintiff's Second Application to proceed *in forma pauperis*, **DENY** Plaintiff's original Application as moot, and **DISMISS** Plaintiff's Amended Complaint **without prejudice.** Plaintiff will have until May 5, 2017 to file a second amended complaint. Failure to timely file a second amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis* is 28 U.S.C. § 1915(a). Under this statute, a Court may authorize the commencement of a suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that demonstrates the person is unable to pay the fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). A litigant's affidavit is sufficient if it shows that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Second Application. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings. In his affidavit, Plaintiff declared (i) his monthly income during the past 12 months was $1,532.00 and that his expected income next month is $0.00; (ii) his monthly expenses are $873.00; (iii) he has no cash and no money in bank accounts, (iv) his only asset is a truck; and (v) he is unemployed. The Court finds that Plaintiff is unable to pay the filing fee because he is unemployed and has no money or other significant assets. Because the Court will grant Plaintiff's Second Application, the Court will deny Plaintiff's original Application as moot.

**Jurisdiction**

Plaintiff asserts a claim of racial discrimination against his former employer, Defendant

Hudspeth. *See* Amended Complaint at 3. Plaintiff alleges that he broke up a fight between two of Defendant's other employees after hours and off-site. Plaintiff alleges that Defendant's superintendent, a Native American, terminated Plaintiff's employment, but did not terminate the employment of the two other employees involved in the fight, both of whom are Native Americans. Plaintiff states he "sought remediation through the Equal Employment Opportunity Commission 12/12/16." Amended Complaint at 5.

Although he does not identify any specific federal statute, it appears Plaintiff is seeking relief under Title VII which makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). "[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

In his original Complaint, Plaintiff makes no allegations of racial discrimination; Plaintiff simply alleges he was wrongfully terminated because he "did not break any policy set by Hudspeth for breaking up an after hours altercation." Complaint at 2-3, Doc. 1 (also stating "Wrongful

3

termination investigation conducted by the State awarded unemployment insurance benefits [based on] no finding of [Plaintiff] breaking any company policy for breaking up an after hours altercation"). There are no allegations in the original Complaint or the Amended Complaint which describe the claims in Plaintiff's EEOC charge or the scope of the administrative investigation that followed Plaintiff's EEOC charge. Consequently, the Court does not know whether the subject of the EEOC charge and the administrative investigation was racial discrimination or an alleged violation of company policy.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Whether the Court has jurisdiction under Title VII depends on the nature of the claims stated in Plaintiff's EEOC charge and the scope of the administrative investigation that followed Plaintiff's EEOC charge. Plaintiff has not alleged sufficient facts to support jurisdiction because he has not described the claims he stated in his EEOC charge or the scope of the administrative investigation that followed Plaintiff's EEOC charge.

The Court will dismiss the Amended Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Plaintiff will have until May 5, 2017 to file

4

a second amended complaint if he can do so consistent with Fed. R. Civ. P. 11. The Court reiterates that failure to timely file a valid second amended complaint may result in dismissal of this case without prejudice.

**IT IS ORDERED** that:

(i) Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed March 22, 2017, is **GRANTED.**

(ii) Plaintiff's original Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 17, 2017, is **DENIED as moot.**

(iii) Plaintiff's Amended Complaint, Doc. 5, filed March 22, 2017, is **DISMISSED without prejudice.**

(iv) Plaintiff will have until May 5, 2017 to file a second amended complaint.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**