# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JESSE TORRES,

        Plaintiff,

v.	No. 17cv347 JAP/WPL

HUDSPETH,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Second Amended Complaint, Doc. 8, filed May 3, 2017). For the reasons stated below, the Court will **DISMISS** this case **without prejudice.**

Plaintiff asserted a claim of racial discrimination against his former employer, Defendant Hudspeth. *See* Amended Complaint at 3. Plaintiff alleged that after he broke up a fight between two other employees of Defendant after hours and off-site, Defendant's superintendent, a Native American, terminated Plaintiff's employment, but did not terminate the employment of the two other employees involved in the fight, both of whom are Native Americans. Plaintiff stated he "sought remediation through the Equal Employment Opportunity Commission 12/12/16." Amended Complaint at 5.

After explaining that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII, that a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC, and that a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter, the Court dismissed Plaintiff's Amended Complaint because

there were no allegations in the original Complaint or the Amended Complaint which describe the claims in Plaintiff's EEOC charge or the scope of the administrative investigation that followed Plaintiff's EEOC charge. *See* Doc. 7, filed April 11, 2017. The Court granted Plaintiff leave to file a second amended complaint.

Plaintiff's Second Amended Complaint consists of one page of vague factual allegations, *see* Doc. 8 at 7, and numerous copies of other documents related to the arrests following the altercation and to the termination of his employment. The Second Amended Complaint contains two documents related to Plaintiff's charge to the U.S. Equal Employment Opportunity Commission.

The first is a "Dismissal and Notice of Rights," dated December 28, 2016, which states the EEOC is closing its file on this charge because the EEOC was unable to conclude that the information obtained established violations of the relevant statutes. Doc. 8 at 49. The "Dismissal and Notice of Rights" does not describe Plaintiff's claims in his EEOC charge or the scope of the administrative investigation that followed Plaintiff's EEOC charge.

The second is a "Charge of Discrimination" for the New Mexico Dep't of Workforce Solutions, Human Rights Bureau and EEOC, which indicates it was "presented to EEOC." Doc. 8 at 57. The Charge states that Plaintiff "believe[s] I have been discriminated against because of my race (White), and national origin (Hispanic)." Doc. 8 at 57. However, the Charge of Discrimination is signed by Plaintiff and dated "5/25/17," which is almost five months after the EEOC issued its "Dismissal and Notice of Rights."

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir.

2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff has not alleged sufficient facts to support jurisdiction because neither of the two EEOC documents attached to his Second Amended Complaint describe the claims in Plaintiff's 2016 EEOC charge or the scope of the administrative investigation that followed Plaintiff's 2016 EEOC charge.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

                                                          *[signature: James A. Parker]*
                                                          **SENIOR UNITED STATES DISTRICT JUDGE**